**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-4114**

———————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

JEFFERY EDWARD BEAL, JR.,

> Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:24-cr-00128-D-RN-1)

———————

Submitted:  November 25, 2025                    Decided:  December 2, 2025

———————

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffery Edward Beal, Jr., appeals his 120-month sentence imposed after pleading guilty to possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(8); possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). On appeal, Beal contends that the district court's statement that Beal is intelligent is a clearly erroneous factual finding that renders his sentence procedurally unreasonable. He further argues that his sentence is substantively unreasonable because the court did not adequately consider his misdiagnosed mental illness and the unwarranted sentencing disparity with similarly situated defendants. We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the

2

18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

At sentencing, the district court heard arguments from both parties and considered the presentence report and a psychiatric report. The court expressed that Beal had not yet earned his GED but that he is intelligent. The court acknowledged that similarly situated defendants were subject to a mean sentence of 103 months and a median sentence of 111 months but that Beal had previously been given leniency, and the mean and median sentences did not reflect the multitude of chances Beal had received. We conclude that the court's statement that Beal is intelligent is not a clearly erroneous factual finding that rendered his sentence procedurally unreasonable. The district court's statement that Beal is intelligent was made in the context of the court expressing that Beal was capable of earning his GED—an opinion also offered by the psychiatrist. In addition, the psychiatrist reported that Beal's cognitive ability appeared to be within an average range. With respect to substantive reasonableness, the court explicitly considered Beal's difficult childhood, mental health, and sentence disparity argument, but weighed heavily his repeated criminal conduct despite judicial leniency. We conclude that Beal fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence. Beal's sentence is therefore procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3